**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR ANDRES MACHADO ALVARADO (A No. 232-021-158), <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.[1], <br><br> Respondents. | Case No. 1:26-cv-02749-JLT-SKO <br><br> ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE <br><br> (Doc. 1.) |

Cesar Andres Machado Alvarado is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

---

[1] Respondents request to strike all unlawfully named officials. (Doc. 6 at 1 n.1.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' request to strike. (Doc. 6 at 1 n.1.)

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States on December 27, 2022, where he was encountered and processed by federal immigration officials at Fort Lauderdale Airport.[2] (Doc. 6 at 6; *see also* Doc. 1 at 1.) Petitioner claims that he entered the United States legally under a humanitarian parole program, was subsequently granted temporary protected status, and worked lawfully to support his family after receiving work authorization. (Doc. 1 at 1; *see also id.* at 32, 35.) On December 3, 2025, Petitioner was arrested by Immigration and Customs Enforcement at a Walmart while he left his job in Buffalo, New York.[3] (*See* Doc. 1 at 1–2; Doc. 6 at 14–15.) Then, on December 3, 2025, Department of Homeland Security charged Petitioner as removable under INA § 212(a)(7)(A)(i)(I) and issued a Notice to Appear. (Doc. 6 at 6.) Petitioner was transferred to California City Detention Facility in California, where he remains. (Doc. 1 at 5.) On January 29, 2026, Petitioner requested a custody re-determination hearing, which the Immigration Judge denied. (Doc. 1 at 2; *id*. at 26.) On February 27, 2026, the IJ ordered Petitioner removed, and on March 4, 2026, Petitioner appealed that decision to the

---

[2]  Petitioner claims that he "entered the United States legally on December 27, 2022, under a humanitarian parole program. He was subsequently granted Temporary Protected Status (TPS)." (Doc. 1 at 1; *see also* Doc. 1 at 32.) In his petition, Petitioner includes a copy of a letter received from the Department of Homeland Security on April 1, 2025, indicating that DHS had, in its discretion, decided "to terminate the categorical parole programs for aliens who are nationals of Cuba, Haiti, Nicaragua, and Venezuela." (Doc. 1 at 25.) In a recent immigration order denying Petitioner's request for custody redetermination, the immigration judge acknowledged that Petitioner "was paroled into the United States." (Doc. 1 at 26.) Indeed, Respondents indicate that Petitioner was previously "release[d] at the discretion of [] DHS." (Doc. 6 at 3.) Finally, Petitioner's Notice to Appear dated 12/3/2025 indicates that Petitioner was "paroled in the United States at Fort Lauderdale Airport on 12/27/2022" and that he had been "admitted to the United States." (Doc. 6 at 6.) All this suggests that Petitioner was encountered by immigration officials upon entry and released on parole into the interior of the Country. This is true despite DHS's recent recategorization of Petitioner Notice to Appear, dated 2/26/2026, modifying his charges of removability as "an arriving alien" instead of an alien having "been admitted." (*See* Doc. 6 at 9.)

[3]  According to the I-213, ICE was carrying out an immigration enforcement action at the Walmart in Niagara Falls, New York on December 3, 2025, when they identified four subjects wearing yellow construction safety vests/ shirts and communicating in Spanish. (Doc. 6 at 14–15.) ICE followed the four subjects after they left Walmart in a work van. (*Id*. at 14.) ICE eventually pulled the vehicle over for further questioning. (*Id*.) ICE identified themselves as Border Patrol Agents while wearing badge identifiers and asked the driver and the passengers for identification. (*Id*. at 14–15.) When the individuals indicated they had no identification, ICE asked about their immigration status. (*Id*. at 15.) According to ICE, all four individuals voluntarily admitted to lacking lawful immigration status and being illegally present in the United States. (*Id*.) Following the stop, all four subjects were placed into Border Patrol vehicles and transported for processing "without incident." (*Id*.) Petitioner was among the four subjects stopped that day.

2

Board of Immigration Appeals, which remains pending. (Doc. 1 at 13.) Petitioner has no criminal history, nor is there any indication in the record that he poses a flight risk or danger to the community. (Doc. 1 at 11–14, 30; Doc. 6 at 16.) Petitioner works to support his family, which includes his young son who suffers from Type 1 Diabetes. (Doc. 1 at 11–12.) On April 13, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 6–9.) On April 28, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2–4.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.      DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 6–9.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 6 at 2–4.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No.

1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.   Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

3.   The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4.   The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* and/or *judicially* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.